RICHARD P. SYBERT (SBN: 080731)
rsybert@gordonrees.com
BENJAMIN T. MORTON (SBN: 199158)
bmorton@gordonrees.com
YUO-FONG C. AMATO (SBN: 261453)
bamato@gordonrees.com
GORDON & REES LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
tel (619) 696-6700 / fax (619) 696-7124

Attorneys for Plaintiff
ELITE LEATHER COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELITE LEATHER COMPANY, a California corporation, | CASE NO. 16-cv-1743 |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| DESIGN WITHIN REACH, INC., a Delaware corporation, | |
| Defendants. | |

Plaintiff Elite Leather Company ("Elite Leather" or "Plaintiff") brings this action for Declaratory Judgment regarding a contractual dispute pursuant to 28 U.S.C. §§ 2201-2202, for breach of implied covenant of good faith and fair dealing, for breach of contract, and for *quantum meruit*, and alleges the following:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of costs and interests, and there exists a complete diversity of citizenship between the parties.

-1-
COMPLAINT

2. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 because a substantial part of events giving rise to the claims occurred in this District, and Defendant Design Within Reach, Inc. ("DWR") is subject to personal jurisdiction in this District, as it does business in this District.

## THE PARTIES

3. Elite Leather is a corporation organized under the laws of California, with its principal place of business and headquarters located in Chino, California. Elite Leather, a family-run business, was founded in 1959 and has become one of the premier fine leather and upholstered furniture manufacturers in this country. Elite Leather sells its furniture to all types of retailers, from major department stores to exclusive specialty stores to designers, purchasing agents, and hotels.

4. DWR, on information and belief, is a corporation organized under the laws of Delaware with its principal place of business and headquarters located in Stamford, Connecticut. DWR is a retailer that sells modern design furniture and accessories, including furniture manufactured by Elite Leather. On information and belief, Herman Miller, Inc. acquired DWR in 2014.

## THE PARTIES' BUSINESS RELATIONSHIP

5. Elite Leather and DWR have been doing business with each other since 2008. Elite Leather has manufactured custom furniture for DWR, which DWR sells exclusively and at retail to consumers. DWR has provided all designs. DWR has also required design changes with which Elite Leather has not agreed.

6. Elite Leather and DWR's latest agreement, a Vendor Services and Confidentiality Agreement ("Agreement"), was entered into on or around April 25, 2014. As part of the Agreement, Elite Leather would continue to manufacture custom furniture for DWR to sell at retail.

7. Elite Leather has produced three sofa group designs for DWR, none of which has had any serious or systemic customer service or quality issues.

## CURRENT DISPUTE AND CONTROVERSY

8. Elite Leather launched DWR's Parallel bed collection in late summer 2013. The Parallel bed collection consists of standard-size beds in four sizes, wide beds with two attached side-tables in three sizes, along with nightstands, dressers, under-bed storage, and cantilever tables. Some of the pieces, such as the standard beds, are manufactured by Elite Leather. Some of the pieces are manufactured by vendors selected by DWR, and DWR has required that Elite Leather purchase some matching components from those same vendors.

9. The standard-size Parallel beds are assembled by the consumers, or by "White Glove" agents if the consumer so upgrades so that they don't have to assemble the beds themselves. The wide-size Parallel beds, which are more complex, are assembled by DWR's "White Glove" agents who assemble the beds on-site after delivering them to the consumers. DWR requires that "White Glove" is the only type of delivery for the wide beds. This supports the point that the beds are complex and just anyone cannot put them together.

10. Beginning in late 2013, there were a number of consumer complaints that the slats for the Parallel beds were falling out, usually rooted in a lack of understanding of assembly or a lack of assembly expertise. This did not result in any injuries, but in 2015, Elite Leather nevertheless fixed the issue and implemented retrofits that DWR approved. DWR owes Elite Leather $25,000 that was required and agreed for labor and materials for this retrofit, but DWR has wrongfully refused to pay.

11. In early 2016, as a result of the 2015 retrofit, DWR complained that some of the added hardware made assembly of the Parallel beds difficult. Although Elite Leather could not duplicate the alleged difficulties, it nevertheless sought to appease DWR and thus made further retrofits that DWR approved.

12. After the 2016 retrofit, DWR alleged further defects to the Parallel beds. After DWR identified the alleged defects, Elite Leather asked DWR to ship

the allegedly defective beds back to Elite Leather.  Elite Leather documented by video the assembly of the allegedly defective beds without issue.  In addition, Elite Leather has not received any complaints for the Parallel beds shipped directly to consumers and assembled by consumers.

13.   On information and belief, if there are any alleged problems with the assembly of the Parallel beds, such problems arise from consumers or DWR's own "White Glove" agents who fail to receive proper training and/or who neglect to read and/or follow the written instructions for assembly.  Although assembly by the "White Glove" agents has improved with further training/experience, each time DWR has engaged a new "White Glove" company, the problems begin anew.  DWR's customer service representatives also lack product knowledge and have misunderstood and/or misattributed most alleged problems to product defects rather than the failures of DWR's "White Glove" agents or consumers.

14.   On or around July 27, 2016, DWR, through in-house counsel at Herman Miller, sent Elite Leather a demand letter, a true and correct copy of which is hereby attached and incorporated as **Exhibit A**.  In this letter, DWR demanded that Elite Leather immediately pay DWR one million dollars ($1,000,000) for DWR's "return rights" of the allegedly defective products and for a portion of DWR's lost profits or else DWR would "take appropriate actions to address [Elite Leather's] continuing breach of the Agreement."  DWR further claim that DWR "has experienced damages that are significantly greater than the amount set forth above, including, without limitation, damages related to additional lost profit not included in the amount set forth above and damages to DWR's reputation."

15.   Despite alleging defects, DWR has continued to process custom orders for both the wide and standard-size Parallel beds, even though the wide and standard-size beds are designed and manufactured in the same manner as the wide and standard-size Parallel beds in stock at DWR that DWR alleges are defective.  On information and belief, DWR has made these unfounded allegations at least in

1 part to recover the costs of its stock of wide and standard-size Parallel beds
2 because it cannot seem to train DWR's revolving door of "White Glove" agents to
3 assemble properly, and because DWR has purchased too much stock and is now
4 looking for a way to unload excess inventory.

5     16.     A dispute currently exists between the parties in that DWR alleges
6 that the subject products supplied by Elite Leather are defective and have caused
7 DWR damage, and Elite Leather denies such allegation. The dispute is ripe and
8 appropriate for adjudication in that, *inter alia,* DWR has made demand of and legal
9 threats against Elite Leather.

## FIRST CLAIM

### Declaratory Judgment – No Breach of Contract and Nothing Owed

    17.     Elite Leather incorporates by reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

    18.     Defendant has engaged in conduct giving rise to a reasonable apprehension on Elite Leather's part that it will face a lawsuit if Elite Leather fails to pay Defendant a $1,000,000 ransom for allegedly defective products.

    19.     Elite Leather seeks a determination that it has not materially breached the Agreement, as its products are not defective. Elite Leather also seeks a determination that it does not owe Defendant any money for any alleged "return rights," lost profits, lost reputation, and/or any other measure of damages.

## SECOND CLAIM

### Breach of Implied Covenant of Good Faith and Fair Dealing

    20.     Elite Leather incorporates by reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

    21.     The Parties entered into the Agreement, which imposed on the Parties a duty to refrain from doing anything which would render performance of the Agreement impossible by any act of its own, and also the duty to do everything that the Agreement presupposes that each party will do to accomplish its purpose.

*Gordon & Rees LLP*
*101 W. Broadway, Suite 2000*
*San Diego, CA 92101*

22. By alleging defects in Elite Leather's products where none exist, and by demanding an exorbitant payment for "return rights" and damages, DWR has breached the implied covenant of good faith and fair dealing.

23. DWR's actions and refusal to sell non-defective products from Elite Leather has caused damages in the form of lost profits in an amount to be determined at trial, but which, on information and belief, exceed $75,000.

## THIRD CLAIM

## Breach of Contract

24. Elite Leather incorporates by reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

25. The parties agreed that DWR would pay Elite Leather $25,000 for the 2015 retrofit.

26. Elite Leather has executed the agreed-upon 2015 retrofit, which DWR also approved, and has satisfied its obligations.

27. DWR has since refused to pay Elite Leather the $25,000 for this retrofit, despite having agreed to it previously.

28. DWR's refusal to pay has resulted in damages to Elite Leather in the amount of $25,000.

29. The parties agreed that DWR would order the Parallel beds from Elite Leather.

30. Elite Leather has made these beds and has also ordered materials that can only be used with the Parallel beds.

31. DWR has since decided to discontinue the Parallel beds based on false accusations that the beds are defective. This decision has resulted in damages to Elite Leather in the form of the balance of materials bought by Elite Leather that are identifiable and exclusive to the Parallel bed.

## FOURTH CLAIM

### *Quantum Meruit*

32. Elite Leather incorporates by reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

33. DWR requested, by words and conduct, that Elite Leather perform the 2015 retrofit for the Parallel beds for the benefit of DWR.

34. Elite Leather performed the 2015 retrofit for the Parallel beds as requested.

35. DWR has not paid Elite Leather for said retrofit.

36. The reasonable value of the retrofit that was provided is $25,000.

37. DWR requested, by words and conduct, that Elite Leather manufacture and deliver the Parallel beds for the benefit of DWR.

38. Elite Leather has manufactured and delivered the Parallel beds for the benefit of DWR, and ordered materials that can only be used with the Parallel beds, all as requested by DWR.

39. DWR has since decided to discontinue the Parallel beds based on false accusations that the beds are defective. DWR has not paid Elite Leather for the balance of materials bought by Elite Leather that are identifiable and exclusive to the Parallel bed.

40. Elite Leather seeks the reasonable value for the balance of materials bought by Elite Leather that are identifiable and exclusive to the Parallel bed, the reasonable value of which shall be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Elite Leather prays for relief and judgment as follows:

1. For a declaratory judgment that Elite Leather has not breached the Agreement, and does not owe Defendant DWR any money as part of either "return rights" nor alleged damages;

2. For compensatory damages resulting from Defendant DWR's breach of implied good faith and fair dealing, in an amount to be proven at trial;

3. For all allowable contractual damages, including without limitation, attorneys fees, resulting from Defendant DWR's breach of implied good faith and fair dealing, in an amount to be proven at trial;

4. For $25,000 as the agreed expense of costs and materials for the 2015 Retrofit;

5. For the balance of materials bought by Elite Leather that are identifiable and exclusive to the Parallel bed;

6. For costs of suit; and

7. For such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Elite Leather hereby demands a trial by jury of all claims for relief triable in this lawsuit.

Dated: August 14, 2016                    GORDON & REES LLP

                                          by _____
                                          Richard P. Sybert
                                          Benjamin T. Morton
                                          Yuo-Fong C. Amato
                                          Attorneys for Plaintiff
                                          ELITE LEATHER COMPANY